UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| James T. Burke,<br><br>   Plaintiff,<br><br>   v.<br><br>James Baker; Nicholas Deml, Commissioner;<br>State of Vermont; Ms. Johnson,<br><br>   Defendants. | Civil Action No. 5:21–cv–265–gwc-kjd |

**OPINION AND ORDER**
(Doc. 19)

Plaintiff James T. Burke, a Vermont inmate incarcerated in Mississippi representing himself, has filed an action under 42 U.S.C. § 1983 against Defendants James Baker, the former Commissioner of the Vermont of Department of Corrections (DOC), in his individual capacity, Nicholas Deml,[1] the current Commissioner of the Vermont DOC, in his official capacity, the State of Vermont, and Ms. Johnson,[2] in her individual and official capacities. The case has been referred to the undersigned for recommended dispositions on several pending motions.

On February 28, 2022, Mr. Burke filed an Emergency Motion to Recuse the undersigned from this case, as well as from the habeas corpus proceedings in *Burke v. Baker*, No. 5:19-cv-228

---

[1] The Clerk's Office is respectfully requested to include Defendant Deml on the docket. Because James Baker is no longer the Commissioner of the Vermont Department of Corrections, his successor Commissioner Nicholas Deml is automatically substituted for former Commissioner Baker with respect to the official-capacity claims alleged by Burke. *See* Fed. R. Civ. P. 25(d).

[2] According to the Complaint, "Ms. Johnson" is a "Unit manager" for CoreCivic, the entity that operates the Tallahatchie County Correctional Facility where Mr. Burke is incarcerated. (Doc. 5 at 1.)

(D. Vt. Feb. 28, 2022), ECF No. 52, on grounds of bias and alleged improprieties in the handling of documents Mr. Burke filed in this Court.  (Doc. 19.)  In the latter case, the undersigned issued a Report and Recommendation on November 12, 2021, recommending that Mr. Burke's § 2254 petition be denied.  *See Burke*, No. 5:19-cv-228, ECF No. 34.  Over Mr. Burke's objections, Chief Judge Crawford adopted the Report and Recommendation on December 21, 2021.  *Id.*, ECF No. 41.  In addition to requesting recusal, Mr. Burke seeks an evidentiary hearing because he appears to contend that that the undersigned is responsible for certain "lost" or "stolen" documents related to his habeas case.

Mr. Burke argues that recusal is required because the undersigned "was the first and last court officer to handle and review [Burke's] Federal 2254 Writ with [its] attached [printed case], which [is] now 'missing'-'lost'-or-'stolen.'"  (Doc. 19 at 1.)  The printed case consisted of "a copy of the lower [post-conviction review, or "PCR"] Court's printed Case filed documents, pursuant to the Printed Case table of contents . . . and all said exhibits being attached."  (*Id.* at 2.)  He asserts an emergency evidentiary hearing is required "to fix his stolen PCR evidence in his favor."  (*Id.*)  Mr. Burke further asserts that recusal is required in this case on grounds of bias.  He explains why in his view recusal is necessary:

> Mr. Doyle is also sabotaging Plaintiff Burke's case pursuant to civil case #5:21-cv-00265-gwc-kjd, by not allowing Plaintiff time to file oppositions to Defendant's motions and ruling in favor of defendant[]s before Plaintiff's timely opposition and has displayed a deep-seated-antagonism towards Plaintiff/Petitioner in both [cases], while documenting his deep-seated-favoritism for the State pursuant to docket #5:19-cv-228 . . . as a result of JUST BEING a Federal prosecutor/turn coat Mag. Mr. Doyle, who further issued a un-clear/clouded ruling on Plaintiff's injunctive relief (un-resolved) motion, the record and []missing . . . [records] reveal Mr. Doyle's potential bias against Petitioner/Plaintiff.

(*Id.* at 4.)

For the reasons set forth below, the Motion is DENIED.

**Background**

Mr. Burke has requested judicial recusal on several previous occasions. In 2012, Mr. Burke filed a petition under 28 U.S.C. § 2254 challenging his 2010 state conviction for sexual assault. *See Burke v. Pallito*, No. 2:12-cv-197 (D. Vt. Sept. 4, 2012), ECF No. 4. He received a sentence of 18–20 years and his conviction was affirmed on direct appeal. *State v. Burke*, 2012 VT 50, 192 Vt. 99, 54 A.3d 500, *motion for reargument denied*, No. 2010–437 (Vt. July 11, 2012), *motion for reconsideration denied*, No. 2010–437 (Vt. July 30, 2012), *cert. denied*, 133 S. Ct. 795 (2012).

In April 2013, Mr. Burke sought the recusal of former Magistrate Judge Conroy. *See Burke*, No. 2:12-cv-197, ECF No. 31. Judge Conroy denied the motion because Mr. Burke's "sole claim of bias [was] based on rulings of [Judge Conroy] that were adverse to him," an insufficient basis for recusal. *Id.*, ECF No. 39 at 3. On November 21, 2013, Burke's first § 2254 habeas petition was denied, *id.*, ECF Nos. 47, 48, and his appeal was dismissed because he had "not made a substantial showing of the denial of a constitutional right." *Id.*, ECF No. 55 at 1 (internal quotation marks omitted).

In 2019, Mr. Burke filed a second § 2254 petition seeking to vacate his sexual assault conviction. *Burke v. Baker*, No. 5:19-cv-228 (D. Vt. Nov. 29, 2019), ECF No. 1. The Court initially determined the petition was a second or successive petition and required transfer to the Court of Appeals. *Id.*, ECF No. 8. Accordingly, on March 5, 2020, the Clerk's Office sent the original documents referenced in the petition to the Second Circuit. *Id.*, ECF No. 9. On March 27, 2020, the Court of Appeals granted Mr. Burke leave to file a successive § 2254 petition. *Id.*, ECF No. 10.

In June 2020, Mr. Burke again moved for recusal of Judge Conroy and requested that Chief Judge Crawford intervene. *Id.*, ECF No. 17. Over Mr. Burke's objection, on January 25,

2021, the Court adopted Judge Conroy's Report and Recommendation and denied the motion for recusal because:

> a disagreement with a legal ruling is not a sufficient basis for disqualification of a judge . . . . Petitioner has supplied no affidavit or other evidence of personal bias or prejudice.  He has identified only his disagreement with the content of Judge Conroy's rulings.  Such a disagreement, however sincere and strongly felt, is not a basis for disqualification.

*Id.*, ECF No. 27 at 2.  On March 26, 2021, Burke's second § 2254 petition was referred to the undersigned following Judge Conroy's retirement.

On December 21, 2021, over multiple objections from Mr. Burke, the Court adopted the undersigned's November 12, 2021 Report and Recommendation and dismissed Mr. Burke's second § 2254 petition as second or successive under 28 U.S.C. § 2244(b)(2).  *Id.*, ECF Nos. 41, 42.  In February 2022, Mr. Burke filed the present Emergency Motion to recuse the undersigned in the habeas case.  *Burke*, No. 5:19-cv-228, ECF No. 52.[3]  In a March 25, 2022 Order, Chief Judge Crawford denied the recusal motion and multiple other motions, including the motion for an evidentiary hearing.  The Court explained:

> Following the court's decision and judgment order (Docs. 41, 42) that issued on December 21 and December 22, 2021, Petitioner James Burke notified the court that the documents comprising the printed case submitted in connection with his appeal of his state post-conviction relief case before the Vermont Supreme Court were not before the District Court.  These documents total approximately 1,600 pages.  The District Court forwarded them to the Court of Appeals on March 5, 2020.  They were returned to the District Court on March 3, 2022.
>
> Because the printed case was not before the court when it issued its order adopting the Report and Recommendation, the court has now reviewed those materials to determine whether they would support a different result.  In particular, the court has examined these materials to determine whether they include new facts in support of Mr. Burke's claim of ineffective assistance of counsel that would allow for a second or successive habeas petition.

---

[3] Mr. Burke has filed identical recusal motions in both 5:19-cv-228, ECF No. 52, and 5:21-cv-265 (Doc. 19).

*Id.*, ECF No. 55 at 1.  After a detailed review of the contents of the printed case, the Court concluded: "A page-by-page review of the printed case reveals that it is comprised almost entirely of factual material predating the trial.  There are no recent discoveries." *Id.* at 17.  As a result, the Court found that the case materials did not justify an exception to the bar against second or successive petitions.  *Id.* at 18 ("Because the facts available to support the [ineffective-assistance-of-counsel] claims were known to Mr. Burke when they were first filed in federal court, they do not qualify as new factual claims subject to the exception to the bar against second or successive habeas filings.").  Mr. Burke filed a Notice of Appeal on April 22, 2022.  *Id.*, ECF No. 60.

<h3 style="text-align:center"><u>Analysis</u></h3>

I. **Motion for Recusal**

    A. **Legal Standards Governing Recusal of Judicial Officers**

Motions seeking the recusal of judicial officers based on actual bias or prejudice fall under two statutes, 28 U.S.C. §§ 144 and 455(b)(1).  Section 144 requires recusal when a party demonstrates that the judge has "a personal bias or prejudice" against that party or in favor of an adverse party.  The moving party must demonstrate bias or prejudice through the filing of a "timely and sufficient affidavit."  28 U.S.C. § 144.  "The affidavit must be 'sufficient,' to provide 'fair support' for the charge of partiality." *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987) (quoting *Wolfson v. Palmieri*, 396 F.2d 121, 124 (2d Cir. 1968) (per curiam)); *see also Hoatson v. N.Y. Archdiocese*, No. 05 Civ. 10467(PAC), 2006 WL 3500633, at *2 (S.D.N.Y. Dec. 1, 2006) ("[A]ffidavits in support of the motions pursuant to §§ 144 and 455(b)(1) require a factual demonstration of bias, not simply the appearance of impropriety.").  If the affidavit sets forth a legally sufficient basis for recusal, another judge must be assigned to resolve the motion.  *See* 28 U.S.C. § 144.  But no such forbearance is required where the supporting affidavit is

insufficient on its face.  *See Role v. Eureka Lodge No. 434*, 402 F.3d 314, 318 (2d Cir. 2005) (per curiam).  It is within the court's discretion to determine whether the affidavit is legally sufficient.  *See Apple*, 829 F.2d at 333.

Section 455(b)(1) similarly requires recusal "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).  As both §§ 144 and 455(b)(1) address the same issue, the statutes are construed in the same manner.  *See United States v. Pugliese*, 805 F.2d 1117, 1125 (2d Cir. 1986).

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  This statute provides broader bases for recusal than § 144 and § 455(b)(1).  *Apple*, 829 F.2d at 333.  The judge must determine "whether an objective, disinterested observer, fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal."  *In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008) (alterations and internal quotation marks omitted); *see also Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003) (finding that disqualifying partiality is determined "based on what a reasonable person knowing all the facts would conclude").  The scope of § 455(a) "is commonly limited to those circumstances in which the alleged partiality stem[s] from an extrajudicial source."  *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (alteration in original) (internal quotation marks omitted).  Thus, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias

6

or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.  As the Court of Appeals has observed:

> [R]ecusal is not warranted where the only challenged conduct consists of judicial rulings, routine trial administration efforts, and ordinary admonishments to counsel and to witnesses, where the conduct occurs during judicial proceedings, and where the judge neither (1) relies upon knowledge acquired outside such proceedings nor (2) displays deep-seated and unequivocal antagonism that would render fair judgment impossible.

*S.E.C. v Razmilovic*, 738 F.3d 14, 29–30 (2d Cir. 2013) (alterations and internal quotation marks omitted); *see also Canino v. Barclays Bank, PLC*, No. 94 Civ. 6314(SAS), 1998 WL 7219, at *3 (S.D.N.Y. Jan. 7, 1998) (noting that § 455(a) "does not compel disqualification simply on unfounded innuendo concerning the possible partiality of the presiding judge") (internal quotation marks omitted).

Recusal motions are committed to the discretion of the judge whose recusal is sought; the judge is "as much obliged *not* to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) (emphasis added); *see also Ramirez v. United States*, No. 10 Civ. 4343(WHP), 2012 WL 3834675, at *1 (S.D.N.Y. Aug. 22, 2012) (recusal motions are determined by the judge "to whom the motion is directed" (internal quotation marks omitted)).  In deciding whether to recuse himself, the judge "must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case." *In re Drexel Burnham Lambert Inc.*, 861 F.2d at 1312.  The parties are "entitled to an unbiased judge; not to a judge of their choosing." *Id.* Accordingly, "[m]ovants must overcome a presumption of impartiality, and the burden of doing so is substantial," requiring that the motion contain more than "vague contentions." *Thomas v.*

*Trustees for Columbia Univ.*, 30 F. Supp. 2d 430, 431 (S.D.N.Y. 1998) (internal quotation marks omitted).

      **B.**      **Recusal is not required in Mr. Burke's cases.**

The reasons stated in Mr. Burke's Motion do not require recusal. In relevant part, Mr. Burke's Affidavit in support of his Motion to Recuse the undersigned asserts the following: (1) the undersigned "was the first and last court officer to handle and review [Burke's] Federal 2254 Writ with [its] attached [printed case], which [is] now 'missing', 'lost' or 'stolen,'" and (2) "[t]he attached Judicial Conduct Complaint against Mr. Doyle and [its] [exhibits] . . . are true and correct and on file and are currently being investigated by the Judicial Conduct Board investigator[]s. The said attached documents should be in support of this motion to RECUSE Mr. Doyle off of both said [cases]." (Doc. 19-1 at 1.)

As to Mr. Burke's first claim, the printed case was not missing, lost, or stolen by the undersigned or any other person. The printed case was forwarded to the Court of Appeals following the Court's determination that his 2019 § 2254 petition was second or successive under 28 U.S.C. § 2244(b). *See Burke v. Baker*, No. 5:19-cv-228, ECF Nos. 8, 9. As Chief Judge Crawford noted in the March 25, 2022 Order, the printed case was returned to the District Court on March 3, 2022. *Id.*, ECF No. 55 at 1.

As a second ground for recusal, Mr. Burke attaches the Complaint of Judicial Misconduct that he filed in the Second Circuit against the undersigned. The four-page Complaint makes two allegations of impropriety. First, Mr. Burke suggests that the undersigned is responsible for the allegedly missed, lost, or stolen printed case materials. (Doc. 19-2 at 2–3.) As discussed above, the printed case materials were properly transmitted to the Court of Appeals for its consideration of Mr. Burke's Petition. The Court of Appeals then returned the materials to this Court, where Chief Judge Crawford reviewed them in his consideration of Mr. Burke's objections to the

8

November 12, 2021 Report and Recommendation.  Therefore, there is no basis for recusal on this ground.  Second, Mr. Burke asserts in the Complaint of Judicial Misconduct that the November 12, 2021 Report and Recommendation incorrectly applied, or did not consider, the precedent relevant to the claims presented in Mr. Burke's § 2254 Petition.  Mr. Burke specifically alleges: "After Mr. Doyle's incorrect & bias review and that [e]x-Federal prosecut[or's] recommendation on Dec. 12th, 2021, Mr. Doyle not only 'over-looked' both Second Circuit pre[ce]dent, but also U.S. Supreme Court pre[ce]dent case law cites and [arguments]."  (Doc. 19-2 at 4.)  However, this allegation plainly concerns a judicial ruling, which "almost never constitute[s] a valid basis for a bias or partiality motion."  *See Liteky*, 510 U.S. at 555; *see also Schiff v. United States*, 919 F.2d 830, 834 (2d Cir. 1990) ("Prior adverse rulings[,] without more, . . . do not provide a reasonable basis for questioning a judge's impartiality." (omission in original) (internal quotation marks omitted)).

Mr. Burke appears to assert additional grounds for recusal in the Motion.  The Motion itself is an unsworn document; it is not an affidavit as required under § 144.  Nevertheless, the Court addresses the unsworn allegations in the Motion to assure Mr. Burke that all of his claims have received full consideration.  Regarding the claim that the undersigned has displayed a "deep-seated-antagonism" toward him and a "deep-seated-favoritism for the State" as a result of his previous employment as a federal prosecutor (Doc. 19 at 4), Mr. Burke has made only conclusory allegations.  Indeed, Mr. Burke speculates only as to "potential bias."  (*Id.*)  The fact that a judge served as a federal prosecutor prior to judicial service "is not sufficient to create bias."  *Saleh v. Pastore*, No. 21-1073, 2021 WL 4978574, at *3 (2d Cir. Oct. 27, 2021) (affirming denial of motion for recusal).  This would seem particularly true in this case where the challenged conviction did not involve a federal prosecution, but rather a prosecution in Vermont Superior Court.  The remainder of Mr. Burke's allegations primarily concern judicial rulings and actions

undertaken to manage the docket[4] in his case, none of which are reasons for recusal.  *See Liteky*, 510 U.S. at 555; *see also Schiff*, 919 F.2d at 834.

In short, recusal is plainly unwarranted because Mr. Burke has failed to allege sufficient facts to overcome the presumption of impartiality.  *See Thomas*, 30 F. Supp. 2d at 431.  Accordingly, the Motion for Recusal (Doc. 19) is DENIED.  Further, in light of the denial of the Motion in both of Mr. Burke's cases, an evidentiary hearing is unnecessary.

Dated at Burlington, in the District of Vermont, this 16th day of June 2022.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge

---

[4] Mr. Burke also asserts that the undersigned has not allowed him time to file "oppositions to Defendant's motions and ruling in favor of defendant[s] before Plaintiff's timely opposition." (Doc. 19 at 4.)  The undersigned has reviewed the dockets in both 5:19-cv-228 and 5:21-cv-265.  In the 2019 case, the matter was fully briefed by the time it was referred on March 26, 2021.  The defendant did not file any motions requiring a response from Mr. Burke between the March 26, 2021 referral and the issuance of the Report and Recommendation on November 12, 2021.  In the 2021 case, on December 28, 2021, defendant Johnson requested an extension of time to file a responsive pleading based on insufficient service of process of Mr. Burke's Complaint.  Johnson requested that the Court order the U.S. Marshals Service to send a copy of the summons and Complaint, along with waivers of service.  (5:21-cv-265, Doc. 9.)  On January 18, 2022, Johnson's counsel advised the Court that she now represented all the defendants in the matter, i.e., Ms. Johnson, the State of Vermont, and the Commissioner of the Vermont Department of Corrections.  (Doc. 13).  Counsel requested that the Court consolidate and extend the deadline for responsive pleadings as to all Defendants, which the Court granted on February 1, 2022.  (Doc. 14.)  Mr. Burke filed his opposition to the motion on February 11, 2022, which was after the due date for a response.  In any event, the above orders pertain to efficient management of the docket; they do not address substantive matters in Mr. Burke's case.  Therefore, the orders do not provide a basis for recusal.  The Court recognizes that Mr. Burke is an incarcerated individual representing himself, and will continue to afford him appropriate leniency in managing the docket in his case.