UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2023 MAR -9 AM 11: 17

CLERK
BY_____
DEPUTY CLERK

JAMES T. BURKE, )
)
Plaintiff, )
)
v. ) Case No. 5:21-cv-265
)
JAMES BAKER; NICHOLAS DEML; )
MS. JOHNSON; and STATE OF )
VERMONT, )
)
Defendants. )

**ORDER ADOPTING REPORT AND RECOMMENDATION; ORDER ON MOTION FOR SUMMARY JUDGMENT, MOTION TO DISMISS**
**(Docs. 10, 18, 29, 37, 53, 54, 55)**

Plaintiff James Burke, a prisoner in the custody of the Vermont Department of Corrections (DOC) who is presently incarcerated in Mississippi, has brought this civil rights suit under 42 U.S.C. § 1983 against James Baker, the former commissioner of the DOC in his individual and official capacities,[1] the State of Vermont, and Ms. Johnson, a unit manager where Mr. Burke is incarcerated.[2] (Doc. 5.) Mr. Burke also moves for sanctions against Ms. Johnson.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), DOC Commissioner Nicholas Deml is automatically substituted in place of former Commissioner Baker for Mr. Burke's official-capacity claims asserted against Mr. Baker.

[2] The complaint does not indicate Ms. Johnson's full name, and therefore arguably does not comply with Fed. R. Civ. P. 10(a)'s requirement that the complaint "must name all the parties." *See* 2 Moore's Federal Practice – Civil § 10.02[b] ("[T]he full name of each individual adult or entity named as a party should be set forth accurately in the complaint . . . ."). The court has overlooked this technical error because Ms. Johnson has appeared and waived service (Docs. 17, 21) and thus there is no prejudice. *See* 2 Moore's Federal Practice – Civil § 10.02[b] (courts will overlook errors and omissions in the naming of parties "[i]n the absence of prejudice").

(Docs. 10, 18.) Defendants move to dismiss Mr. Burke's complaint for several reasons. (Doc. 29.) Mr. Burke then filed a motion under the *Ex Parte Young* doctrine.[3] (Doc. 37.)

After reviewing these motions and the parties' briefing, the Honorable Kevin Doyle, United States Magistrate Judge, issued his report and recommendation (R&R) that this court deny Mr. Burke's motions for sanctions (Docs. 10, 18); grant Defendants' motion to dismiss; and deny the other motions (Docs. 37, 45, 49). (Doc. 54.) In addition, Judge Doyle recommended that the court grant Mr. Burke leave to amend his complaint for the limited purpose of attempting to cure his claims against Mr. Baker. (*Id.* at 27–28.)

The same day that Judge Doyle issued his R&R, Mr. Burke filed a motion for summary judgment. (Doc. 53.) Mr. Burke then subsequently filed a motion to voluntarily dismiss his complaint without prejudice. (Doc. 55.)

The court begins by explaining why it adopts Judge Doyle's well-reasoned and thorough analysis before turning to the two motions that Judge Doyle did not have occasion to address.

I. **Adopting Report and Recommendation**

Because no party objected to Judge Doyle's R&R, the court reviews it for clear error. Fed. R. Civ. P. 72(b) advisory committee's 1983 note; *Brown v. Peters*, No. Civ.A. 95CV1641RSPDS, 1997 WL 599355, at *2 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) (collecting cases), *aff'd* 175 F.3d 1007 (2d Cir. 1999) (summary order). Still, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

---

[3] Mr. Burke also filed a motion for an extension to file a second opposition to Defendants' motion to dismiss (Doc. 45) and Defendants responded by filing a motion to strike Mr. Burke's sur-reply (Doc. 49). Judge Doyle already disposed of these motions, so the court does not address them further. (Doc. 54 at 3–4, 28.)

judge." 28 U.S.C. § 636(b)(1). The court discusses the pending motions that Judge Doyle's R&R addressed in chronological order.

Judge Doyle first recommended that the court deny both of Mr. Burke's motions for sanctions (Docs. 10, 18) against Ms. Johnson because, as explained below, he determined that the court lacked specific personal jurisdiction over Ms. Johnson. (Doc. 54 at 26.)

Moving to Defendants' motion to dismiss (Doc. 29), as Judge Doyle explained in his R&R, sovereign immunity bars Mr. Burke's claims for damages against the State of Vermont and Mr. Dehl in his official capacity.[4] (Doc. 54 at 6–9.) Therefore, Judge Doyle recommended that the court dismiss these claims. (*Id.* at 9.) Judge Doyle further recommended that the court deny Mr. Burke's motion under the *Ex Parte Young* doctrine (Doc. 37) because Mr. Burke seeks retrospective damages, and the *Ex Parte Young* doctrine only applies when a plaintiff seeks prospective injunctive relief. (*Id.* at 9.)

Judge Doyle also recommended that the court dismiss Mr. Burke's claims against former Commissioner Baker because Mr. Burke failed to allege that Commissioner Baker had any personal involvement in the alleged deprivations of Mr. Burke's civil rights, as is required to allege a claim under § 1983.[5] (Doc. 54 at 9–11.)

---

[4] As Judge Doyle noted, Mr. Burke sought to add a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) in his brief in opposition to Defendants' motion to dismiss. (Doc. 54 at 9 n.4.) Judge Doyle explained that a party may not add a new claim through his opposition briefing and recommended that the court not consider this claim on its merits. (*Id.*)

[5] Judge Doyle also noted that Mr. Burke sought to add more allegations against Mr. Baker in his briefing. (Doc. 54 at 10 n.5.) Judge Doyle explained that a party may not add further factual allegations or amend his complaint through his briefing. (*Id.*) Judge Doyle also explained that, even considering these improper additional allegations, Mr. Burke had still failed to allege that Mr. Baker had sufficient personal involvement so as to be potentially liable. (*Id.*)

Finally, Judge Doyle recommended that the court dismiss Mr. Burke's claims against Ms. Johnson because the court lacks personal jurisdiction over her. Judge Doyle explained that this court lacks specific personal jurisdiction over Ms. Johnson, a resident of Mississippi, because her employer's contract with the Vermont DOC does not confer jurisdiction and because all of Ms. Johnson's alleged actions giving rise to Mr. Burke's alleged deprivations in this case took place in Mississippi, not Vermont. (Doc. 54 at 11–15.)

The court agrees with each of these recommendations and adopts them all.

Judge Doyle went on to address Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) so as to reach the merits of Mr. Burke's allegations. He did so, he explained, "in order to advise Plaintiff of the legal and factual deficiencies in the present Complaint" should he choose to amend his complaint. (*Id.* at 16 n.9.) The court agrees with Judge Doyle's reasons for dismissing Mr. Burke's complaint on its merits and will not further discuss his analysis here.

Turning to Defendants' alternate basis for dismissal, lack of venue, Judge Doyle determined that venue was improper in Vermont. (*Id.* at 26–27.) But he recommended against relying on this basis for dismissal because he also recommended dismissing Mr. Burke's complaint on jurisdictional grounds and for failure to state a claim. (*Id.* at 26–27.) A district court has broad discretion to transfer a case to another district. *United States ex rel. Donohue v. Carranza*, 585 F. Supp. 3d 383, 388 (S.D.N.Y. 2022); *see* 28 U.S.C. § 1406(a). That discretion includes a consideration of the "expeditions and orderly adjudication of cases and controversies on their merits." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962). Here the court agrees with Judge Doyle that it would not be in the interest of justice to transfer this case to Mississippi after dismissing Mr. Burke's claims. At this stage of the case and because the court is

4

granting Mr. Burke limited leave to amend his complaint, transfer to Mississippi would only create other jurisdictional issues. The court can revisit the issue of venue again later if necessary.

Lastly, Judge Doyle recommended that Mr. Burke be given leave to amend his complaint. (Doc. 54 at 27–28.) Judge Doyle explained that it would be futile for Mr. Burke to amend his complaint against the State of Vermont, Commissioner Deml, and Ms. Johnson because the court cannot exercise jurisdiction over these defendants as Mr. Burke has presented his claims. (*Id.* at 27.) Judge Doyle then noted that Mr. Burke may attempt to cure his claims against Mr. Baker but warned him that he may not exceed the scope of the leave granted to him to amend. (*Id.* at 28.) In addition, Judge Doyle warned Mr. Burke that if he fails to allege imminent danger of serious physical injury directly traceable to his allegations against Mr. Baker, Mr. Burke will not fall under the relevant exception to the Prison Litigation Reform Act's three-strikes rule and he will then be required to pay the filing fee if he wishes to file his amended complaint. (*Id.*) The court agrees with Judge Doyle's analysis and admonitions to Mr. Burke and adopts them in full.

## II.   Other Pending Motions

Mr. Burke also filed two other motions that Judge Doyle did not have occasion to address. First, Mr. Burke filed a motion for summary judgment. (Doc. 53.) Because the court adopts Judge Doyle's R&R granting Defendants' motion to dismiss Mr. Burke's complaint, the court will not consider Mr. Burke's motion for summary judgment. *In re IBM Arbitration Agreement Litig.*, No. 21-CV-6296 (JMF), 2022 WL 3043220, at *3 (S.D.N.Y. Aug. 2, 2022) ("[W]here, as here, a motion to dismiss and motion for summary judgment are pending simultaneously[,] [] the court can consider the latter only if it first denies the former."). Therefore, the court denies Mr. Burke's motion for summary judgment as moot.

5

Mr. Burke also filed a Rule 41(a)(2) motion to dismiss his complaint voluntarily for his failure to pay the filing fee. (Doc. 55.) But Mr. Burke did not pay the filing fee because he filed this case in forma pauperis, meaning the court granted him permission to file his complaint without paying the required filing fee. (Docs. 1, 3.); *see* 28 U.S.C. § 1915; *see also* 8 Moore's Fed. Prac. Civ. § 41.40[6] (2022) (explaining that a court may deny a motion for voluntary dismissal where it would cause prejudice to the defendant and enumerating the factors for a court to consider, including "the adequacy of plaintiff's explanation for the need to dismiss"). Because the court adopts Judge Doyle's R&R dismissing Mr. Burke's complaint without prejudice and granting him leave to file an amended complaint, there is no need to consider Mr. Burke's motion for voluntary dismissal. Therefore, the court also denies this motion as moot.

### Conclusion

For the foregoing reasons, the court ADOPTS Judge Doyle's Report and Recommendation (Doc. 54) in full. The court, therefore, GRANTS Defendants' Motion to Dismiss (Doc. 29); DISMISSES Mr. Burke's Complaint (Doc. 5) WITHOUT PREJUDICE; and DENIES Mr. Burke's Motion for Emergency Sanctions (Doc. 10); Motion for Monetary Sanctions or Transfer (Doc. 18); and Motion Pursuant to the *Ex Parte Young* Doctrine (Doc. 37).

Mr. Burke may file an amended complaint within **sixty (60) days** of the date of this order on the limited basis explained in Judge Doyle's R&R and summarized herein.

In addition, the court DENIES Mr. Burke's Motion for Summary Judgment (Doc. 53) and his Motion for Voluntary Dismissal (Doc. 55) as MOOT.

Dated at Burlington, in the District of Vermont, this 9th day of March, 2023.

Geoffrey W. Crawford, Chief Judge
United States District Court